Based upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission upon reconsideration of the evidence MODIFIES in part and AFFIRMS in part the Opinion and Award of the Deputy Commissioner.
Pursuant to a Form 21 Agreement and a Form 26 Supplemental Agreement, the parties have entered into the following:
STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act, and the defendant-employer is a duly qualified self-insured with Alexsis, Inc. serving as the servicing agent.
2. At all relevant times, an employment relationship existed between the parties.
3. The plaintiff suffered an injury by accident to his back on January 27, 1993 arising out of and in the course of his employment with the defendant-employer.
4. The plaintiff's average weekly wage at the time of the injury was $492.10 which yields a compensation rate of $328.08.
5. Pursuant to a Form 26 Supplemental Agreement approved by the Industrial Commission on March 1, 1995, the defendant-employer agreed to pay the plaintiff weekly compensation of $328.08 per week for 90 weeks beginning on August 8, 1994.
6. The plaintiff sustained a thirty percent (30%) permanent partial disability to his back on January 27, 1993.
***********
Based upon all of the competent evidence from the record herein, the Full Commission modifies in part and adopts in part the findings of fact by the Deputy Commissioner and finds as follows:
FINDINGS OF FACT
1. Pursuant to a Form 26 Agreement approved by the Industrial Commission on March 1, 1995, the plaintiff received a thirty percent (30%) permanent partial disability of his back as a result of his admittedly compensable injury. Plaintiff was injured on January 27, 1993, and his compensation rate is $328.08 per week.
2. Based upon the medical records entered into evidence, Dr. Steward Harley, M.D. has performed surgery on plaintiff's back three times. Two of the surgeries were related to the January 27, 1993 injury. The last surgery was performed on October 12, 1995.
3. In his note of November 28, 1995, Dr. Harley stated and the Full Commission finds that the surgery done on October 12, 1995 was related to the on-the-job injury of January 27, 1993. There is no medical evidence, or other competent, credible evidence that would support a contrary finding.
4. The deputy commissioner issued an Interlocutory Opinion and Award, which was filed on June 20, 1996 finding that the back surgery performed on plaintiff by Dr. Harley on October 12, 1995 was reasonably required, and this surgery was related to the work-related injury of January 27, 1993. Plaintiff was incapable of working due to the back surgery beginning October 12, 1995; however, the deputy commissioner did not order resumption of the payment of temporary total disability compensation until May 6, 1996 which was approximately when plaintiff's permanent partial disability payments were to end pursuant to the Form 26 Supplemental Agreement approved on March 1, 1995, for a thirty percent (30%) permanent partial disability of the back.
5. Plaintiff sustained a significant change of condition on June 22, 1995 when he became totally incapable of earning wages in any employment due to increased back pain which was related to his compensable injury. According to Dr. Harley's notes and the testimony presented, plaintiff left his job due to back pain on March 29, 1995 and returned to see Dr. Harley on April 20, 1995 with complaints of increasing pain in his back. Plaintiff was having difficulty working because of the stress placed on his back at work. Dr. Harley felt it would be best if plaintiff lifted less weight, so he encouraged plaintiff to lift no more than 20 pounds at work and at home. Dr. Harley also did not want plaintiff to do a lot of bending and stooping because this would aggravate his symptoms. The lifting restrictions were increased to no more than 15 pounds in May, 1995. There is no evidence that Dr. Harley placed plaintiff out of work at the time he stopped working on March 29, 1995. Dr. Harley's medical notes indicate that plaintiff could do some lifting at work and at home as of May, 1995. By June 22, 1995, plaintiff's back condition had progressively worsened to the point that he had difficulty with performing relatively minimal jobs around the house.
6. As of June 22, 1995, plaintiff's permanent partial disability compensation should have been stopped as defendant-employer then became obligated to pay temporary total disability for the change of condition. Plaintiff would be entitled to resumption of payments for permanent partial disability compensation due to his rating when his period of temporary total disability ended. Defendant is entitled to a credit against temporary total disability compensation for any permanent partial disability compensation paid to plaintiff after June 22, 1995.
7. According to Dr. Harley, plaintiff was allowed to return to regular hours, with lifting no more than 50 pounds on June 30, 1994. Plaintiff was given a disability rating of thirty percent (30%) on August 1, 1994. Dr. Harley did not see plaintiff from August 1, 1994 to April 20, 1995.
8. Plaintiff has established by the greater weight of the evidence that he became totally incapable of working and earning wages in any employment by June 22, 1995. Even though plaintiff was having problems related to pain, there is insufficient evidence from which to find that plaintiff was incapable of working from March 29, 1995 through June 21, 1995.
9. As of June 22, 1995, plaintiff sustained a significant change of condition causing an incapacity to earn wages in any employment. Plaintiff has been temporarily totally disabled since June 22, 1995.
**************
Based on the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. Having sustained a change in condition, to-wit, a worsening of his back injury and a total incapacity to earn wages in any employment since June 22, 1995, plaintiff is entitled to an award of temporary total disability beginning June 22, 1995 and continuing until further order of the Industrial Commission. N.C. Gen. Stat. § 97-47.
2. Defendant is entitled to a credit, against temporary total disability owed, for any disability compensation paid to plaintiff since June 22, 1995. N.C. Gen. Stat. § 97-42
3. Defendant shall pay all reasonable medical expenses incurred or to be incurred by plaintiff as a result of this compensable injury and subsequent change of condition to the extent that such medical evaluation and treatment tends to effect a cure, give relief or lessen the period of disability. N.C. Gen. Stat. § 97-25.
**************
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
AWARD
1. Beginning June 22, 1995, defendant shall pay temporary total disability benefits to the plaintiff due to change of condition in the amount of $328.08 per week through the date of hearing and continuing until further order of the Industrial Commission. That compensation which has accrued shall be paid to plaintiff in a lump sum subject to the attorney's fee hereinafter approved.
2. Defendant shall receive a credit, against temporary total disability owed, for any disability compensation already paid to the plaintiff covering the period after June 22, 1995.
3. Defendant shall pay all medical expenses incurred or to be incurred in the future by plaintiff as a result of this compensable injury and subsequent change of condition when bills for the same have been submitted through defendants and approved through procedures adopted by the Industrial Commission. Plaintiff is required as a condition of continued medical treatment to cooperate with reasonable vocational rehabilitation efforts by the defendant-employer.
4. An attorney's fee of twenty-five (25%) of the award herein is approved for plaintiff's counsel payable as follows: twenty-five (25%) percent of the award which has accrued shall be deducted and paid directly to plaintiff's counsel; additionally, every fourth compensation check due plaintiff in the future shall be deducted and paid directly to plaintiff's counsel.
5. Defendant shall pay the costs due the Industrial Commission.
 S/ __________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
S/ ________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ ________________ LAURA K. MAVRETIC COMMISSIONER
BSB/jth